UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JOHN O'HARA, both individually and in his official :
capacity on behalf of O'HARA FOR SENATE, and :
O'HARA FOR SENATE, :
                                   :       REPORT AND
                   Plaintiffs,      :       RECOMMENDATION
                                     :
    -against-                             :       No. 22-CV-6209-RPK-JRC
                                     :
ELIZABETH COHEN-SANCHEZ a/k/a ZEE COHEN :
SANCHEZ, LORI ANN GONZALEZ, both individually :
and in their official capacity as the executive directors of :
SOLE STRATEGIES LLC, and SOLE STRATEGIES, :
LLC, :
                                     :
                  Defendants.     :
------------------------------------------------------------------ x

JAMES R. CHO, United States Magistrate Judge:

       On October 14, 2022, defendants Elizabeth Cohen-Sanchez a/k/a Zee Cohen Sanchez

("Cohen-Sanchez"), Lori Ann Gonzalez ("Gonzalez") and Sole Strategies, LLC ("Sole

Strategies") (collectively, "defendants") removed this action from New York Supreme Court,

Kings County based on the Court's diversity jurisdiction. *See* Not. of Removal, Dkt. 1. On

October 30, 2022, plaintiffs John O'Hara and O'Hara for Senate (collectively, "plaintiffs" or

"O'Hara") moved for remand arguing that defendants untimely removed this action. *See* Mot. to

Remand, Dkt. 5. On May 23, 2023, the Honorable Rachel P. Kovner referred plaintiffs' motion

for remand to the undersigned. *See* Order Referring Motion dated May 23, 2023. For the

reasons set forth below, this Court finds that defendants timely removed this action and

recommends denying plaintiffs' motion for remand.

**Background**

On August 1, 2022, plaintiffs commenced this action in Kings County Supreme Court, asserting claims for breach of contract and fraud in connection with an agreement between O'Hara for Senate and Sole Strategies.  *See* Mot. to Remand at 2; Compl. ¶¶ 17-18, 26-59, Dkt. 1-2.  O'Hara had retained Sole Strategies to collect the requisite signatures, in support of his "designating petition," that O'Hara needed to appear as a candidate on the ballot at an upcoming New York State Senate Democratic Primary election.  *See* Compl. ¶ 26.  Plaintiffs claim that four out of five of the signatures gathered by defendants for O'Hara's candidacy were later ruled invalid by the New York Supreme Court because they were gathered from individuals who did not reside within the Senate District of the election or were not registered with the Democratic Party.  *See id.* ¶ 39.  As a result of defendants' conduct and failure to satisfy their obligations under the contract, O'Hara's name did not appear on the election ballot, and he was no longer deemed a candidate for New York Senate.  *See id.* ¶¶ 34, 65-66.  O'Hara allegedly suffered damages in the form of attorneys' fees expended on litigation regarding his ballot eligibility.  *See id*.

Plaintiffs contend that they properly served copies of the Summons and Complaint on defendants.  *See* Mot. to Remand at 3.  On August 9, 2022, plaintiffs' process server purportedly served all defendants by leaving copies of the Summons and Complaint with "Mrs. Russell" at 42 Broadway, 12th Floor, New York, New York 10004 ("42 Broadway"), the alleged offices of Sole Strategies.  *See* Affidavit of Service, Dkt. 5-1 at ECF page 2.[1]  With respect to service on the individual defendants, the process server's affidavit states that he left process with "Mrs.

---

[1] Cites to "ECF page" refer to the page number assigned by the Electronic Case Filing ("ECF") system.

Russell – First Name Refused, Co-Worker . . . .  That person was also asked by deponent whether said premises was the defendant's Business within the state and the reply was affirmative." *Id.* at ECF pages 2-3.  With respect to service on the corporate defendant, Sole Strategies, the process server stated that "deponent . . .  knew [Mrs. Russell] to be the Secretary/authorized thereof an authorized person to accept service of process." *Id.* at ECF page 4.  On August 10, 2022, plaintiffs' process server mailed copies of the Summons and Complaint to the individual defendants at the same address. *Id.* at ECF pages 2-3.  Although the process server states that he left process with "Mrs. Russell" on August 9, 2022, and mailed the Summons and Complaint on August 10, 2022, the process server's affidavit of service was notarized on September 23, 2022, more than six weeks later.  *See id.* at ECF pages 2-4.

Plaintiffs previously attempted to serve defendants in Nevada.  *See* Mot. to Remand at 3-4.  On August 5, 2022, plaintiffs' process server attempted to serve defendants at the residence of Sole Strategies' registered agent, defendant Cohen-Sanchez, at 9353 W. Twain Ave., Las Vegas, Nevada 89147, the address for service on file with the Nevada Secretary of State.  *See* Dkt. 6-1 at ECF pages 61, 71-72.  However, the process server was informed by the leasing agent for the property that Cohen-Sanchez had moved on June 18, 2022.  *See id.* at ECF page 61. Alida van Breda, a representative of the process service agency retained by plaintiffs' counsel, informed counsel that she had located an additional address for Cohen-Sanchez at 532 5th Street, Boulder City, Nevada 89005, based on a recently recorded property deed.  *See* Dkt. 6-1 at ECF pages 62-63.  The representative further advised plaintiffs' counsel that service on Sole Strategies could be effected through the Nevada Secretary of State.  *See id.*  Apparently, plaintiffs did not make any further attempts to serve defendants in Nevada.

On September 24, 2022, relying on the purported service in New York, plaintiffs filed a

motion for default judgment against defendants in state court. *See* Dkt. 1-2 at ECF pages 20-30; Certification of James K. Haney ("Certification") ¶ 14, Dkt. 6-1 at ECF page 3.

On October 14, 2022, defendants removed the state court action to this Court based on federal diversity jurisdiction. *See* Not. of Removal; Certification ¶ 15. In the Notice of Removal, defendants explained that removal was timely under 28 U.S.C. § 1446(b) even though they had removed this action more than 30 days after the purported service on defendants because plaintiffs had failed to serve defendants properly. *See* Not. of Removal ¶ 2. According to defendants, the location where plaintiffs attempted to serve defendants was not defendants' business location, and the individual allegedly served (*i.e.*, Mrs. Russell) on behalf of all defendants was not their employee. *See id.*

On October 30, 2022, plaintiffs filed the instant motion to remand. *See* Dkt. 5. Plaintiffs contend that they properly served defendants "in accordance with NY CPLR § 308 . . . and as such, the Notice of Removal is both untimely and improper." Mot. to Remand at 8. While not expressly challenging this Court's subject matter jurisdiction, plaintiffs state in conclusory fashion that the action has "no federal question and no diversity." Mot. to Remand at 2.

On November 8, 2022, defendants filed their opposition to plaintiffs' remand motion, arguing that removal was timely because plaintiffs failed to serve defendants properly. *See* Defs. Opp., Dkt. 6. In their opposition, defendants argue that the 42 Broadway location, where plaintiffs attempted to serve defendants, was not defendants' actual place of business. *Id.* at 6. According to defendants, employees of Sole Strategies do not work at the 42 Broadway location on a daily basis; the company uses office space at that location only intermittently. *Id.* In addition, defendants contend that the person allegedly served, "Mrs. Russell," "is not, and has never been, an employee or agent for Sole Strategies, LLC." *Id.* at 7.

4

On November 13, 2022, plaintiffs filed a reply brief in support of remand.  *See* Pl. Reply, Dkt. 7.  Plaintiffs argue that they served defendants "at the office of the corporation sued herein, and at the place of employment of both [d]efendants [Cohen-Sanchez and Gonzalez]."  *Id*. at 1-2.

### Discussion

A party may remove a civil action brought in state court when the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  A federal court has original jurisdiction over an action where the amount in controversy exceeds $75,000 and is between citizens of different states.  *See* 28 U.S.C. § 1332(a)(1).  Pursuant to 28 U.S.C. § 1446(b), removal of a case to federal court must occur within thirty days of defendants' receipt of the complaint "through service or otherwise."  *See* 28 U.S.C. § 1446(b)(1).  Notwithstanding the statutory language, the 30-day removal period is only triggered after "formal service" of the summons and complaint.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 347-48 (1999).

If a case is improperly removed to federal court, a plaintiff may move under 28 U.S.C. § 1447 to remand the case back to state court.  *See Samanich v. Facebook*, No. 20-CV-405, 2021 WL 2856634, at *3 (E.D.N.Y. July 8, 2021).  The removing party bears the burden of establishing that removal was proper, including compliance with the procedural requirements of the removal statute.  *See Wade v. Burns*, 803 F. App'x 433, 435 (2d Cir. 2020); *Samanich*, 2021 WL 2856634, at *3.  Any doubts as to removability must be resolved in favor of remand.  *See Purdue Pharma. L.P. v. Kentucky*, 704 F.3d 208, 220 (2d Cir. 2013); *Samanich*, 2021 WL 2856634, at *3.

## I.    Subject Matter Jurisdiction

Plaintiffs do not raise a serious challenge to this Court's diversity jurisdiction.  It is undisputed that plaintiffs are residents of New York.  *See* Compl. ¶¶ 7, 8.  Moreover, it is uncontroverted that defendant Cohen-Sanchez is a resident of Nevada, and that defendant Gonzalez is a resident of New Jersey.  *See* Not. of Removal ¶ 4; Certification of Elizabeth Cohen-Sanchez ("Cohen-Sanchez Cert.") ¶ 1, Dkt. 6-1 at ECF pages 86-87; Certification of Lori Ann Gonzalez ¶ 1, Dkt. 6-1 at ECF pages 88-89.  For purposes of diversity of citizenship, a limited liability company takes the citizenship of all of its members.  *See Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). Cohen-Sanchez avers that she is the sole owner of Sole Strategies, LLC.  *See* Cohen-Sanchez Cert. ¶ 3.  Therefore, defendant Sole Strategies, LLC is domiciled in the state of Nevada. Further, plaintiffs seek more than $75,000 in damages, thereby exceeding the required amount in controversy for diversity jurisdiction.  *See* Compl. at 11 (Wherefore clause), Dkt. 1-2 at ECF page 14; *see also* Not. of Removal ¶¶ 3-5.  Accordingly, this Court has diversity jurisdiction over this action because it is between citizens of different states and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).

## II.    Timeliness of Removal

The parties dispute, however, whether defendants timely removed this action under 28 U.S.C. § 1446.  The relevant portion of 28 U.S.C. § 1446 provides as follows:

> (b) Requirements; generally.
> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b).

The 30-day removal period under 28 U.S.C. § 1446 "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy*, 526 U.S. at 347-48. "Thus, *proper service* is a prerequisite to the commencement of the limitations period." *Kim v. Bonin*, No. 04-CV-4461, 2005 WL 1105245, at *2 (E.D.N.Y. May 10, 2005) (internal quotations and citations omitted) (emphasis added); *see Samanich*, 2021 WL 2856634, at *5; *Williams v. Connell*, No. 12-CV-3593, 2017 WL 2829686, at *3-4 (E.D.N.Y. June 29, 2017). This rule is consistent with the long-standing principle that a "defendant is not subject to the court's authority *unless properly served with process*." *Murphy*, 526 U.S. at 347 (internal quotations and citations omitted) (emphasis added). "Service of process . . . is fundamental to any procedural imposition on a named defendant." *Id.* at 350.

Accordingly, courts applying *Murphy* have held that the removal period under 28 U.S.C. § 1446 does not commence until proper service has been effectuated under New York state law. *See Samanich*, 2021 WL 2856634, at *2 ("Defendant was *not properly served with process under New York State law*" and "accordingly, here, the removal period clock has not yet started to run") (emphasis added); *Lewis v. Permanent Mission of Cote D'Ivoire to the United Nations*, No. 19-CV-1375, 2019 WL 4198943, at *2 (S.D.N.Y. Aug. 7, 2019) (denying motion to remand because 30-day period for removal does not begin to run until service is complete under New York law); *Connell*, 2017 WL 2829686, at *4 ("It is by now black-letter law that state law determines whether service is complete for the purposes of section 1446.").

Moreover, where, as here, there are multiple defendants, the removal period is triggered only when service on the last defendant is completed. *See* 28 U.S.C. § 1446(b); *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 64 (2d Cir. 2012) ("the current statute codifies the later-served rule");

*Peterkin v. FedEx Freight, Inc.*, No. 20-CV-4439, 2021 WL 5508093, at *6 (E.D.N.Y. Sept. 14, 2021), *report and recommendation adopted*, 2021 WL 4520032 (E.D.N.Y. Oct. 4, 2021); *Connell*, 2017 WL 2829686, at *5. Thus, the outcome of plaintiffs' motion to remand turns on the propriety of service on defendants under New York state law.

### III.    Service on Sole Strategies

Here, plaintiffs fail to address the governing law regarding service on Sole Strategies. The relevant New York law provides:

> (a)    Service of process on any domestic or foreign limited liability company shall be made by delivering a copy personally to (i) any member of the limited liability company in this state, if the management of the limited liability company is vested in its members, (ii) any manager of the limited liability company in this state, if the management of the limited liability company is vested in one or more managers, (iii) to any other agent authorized by appointment to receive process, or (iv) to any other person designated by the limited liability company to receive process, in the manner provided by law for service of a summons as if such person was a defendant.  Service of process upon a limited liability company may also be made pursuant to article three of the limited liability company law.

N.Y. C.P.L.R. § 311-a (McKinney 2019).  Service of process under "article three of the limited liability company law" authorizes service on an LLC via the secretary of state.  N.Y. Ltd. Liab. Co. § 303 (McKinney 1999).

Generally, a process server's affidavit of service creates a presumption of proper service. *See Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002).  In addition, a process server may reasonably rely on a corporation's employees to identify the individuals authorized to accept service. *Id*.

Here, plaintiffs failed to serve Sole Strategies properly pursuant to the requirements of N.Y. C.P.L.R. § 311-a.  The affidavit of service states that service was made on "Mrs. Russell," who the process server "knew to be the Secretary/authorized thereof an authorized person to

accept service of process." *See* Affidavit of Service, Dkt. 5-1 at ECF page 4. This is insufficient under N.Y. C.P.L.R. § 311-a. First, section 311-a does not authorize service upon an alleged "Secretary" of the corporation.

Second, the process server does not provide any basis for his belief that "Mrs. Russell" was "authorized" to accept service on behalf of Sole Strategies. *See Innovative Sports Mgmt., Inc. v. Triangle Eatery & Bar, LLC*, No. 21-CV-6909, 2022 WL 18151927, at *5-7 (E.D.N.Y. Dec. 14, 2022) (plaintiff provided no basis for "process server's personal knowledge" that recipient was authorized to accept service on behalf of limited liability company), *report and recommendation adopted*, 2023 WL 130835 (E.D.N.Y. Jan. 9, 2023); *Chen v. Best Miyako Sushi Corp.*, No. 16-CV-2012, 2021 WL 707273, at *9 (S.D.N.Y. Feb. 1, 2021) ("The affidavits of service furnish no basis to believe that Ms. 'Doe' was connected in any way to [the corporate defendants] much less that she was 'an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process.'"), *report and recommendation adopted sub nom. Shiqiu Chen v. Best Miyako Sushi Corp.*, 2021 WL 706412 (S.D.N.Y. Feb. 19, 2021); *Rosas v. Cuzco Capital Inv. Mgt., LLC*, No. 19-CV-6180, 2021 WL 878862, at *3 (E.D.N.Y. Mar. 9, 2021) (finding that process server's affidavit did not establish that recipient of process "was authorized to receive service by [d]efendant [limited liability company]"; "court need not accept a process server's conclusory assertion that service of process was properly made upon a defendant, without more specific information"); *see also Dominguez v. Hernandez*, No. 21-CV-7051, 2023 WL 2575224, at *13 (E.D.N.Y. Feb. 22, 2023) (rejecting process server's boilerplate assertion that recipient was authorized to accept service on behalf of limited liability company), *report and recommendation adopted*, 2023 WL 2574876 (E.D.N.Y. Mar. 20, 2023); *J&J Sports Prods., Inc. v. RK Soto Entrp. Inc.*, No. 17-CV-2636, 2020 WL 7684894, at *7

(E.D.N.Y. Feb. 7, 2020) (rejecting service on corporation where process server did not describe the basis for his knowledge that recipient was authorized to accept service), *report and recommendation adopted*, 2020 WL 7041089 (E.D.N.Y. Dec. 1, 2020).

Although a process server may reasonably rely on a corporation's employees to identify the individuals authorized to accept service, *see Old Republic*, 301 F.3d at 57, here, the process server does not even claim that "Mrs. Russell" provided any basis, let alone a reasonable basis, for the process server to believe that she was authorized to accept service on behalf of Sole Strategies.

"Service on a corporation . . . requires delivery to a high-level employee of a corporate defendant – someone 'who operates at its highest levels, or at least has overall authority to make high-level decisions on the part of the enterprise[.]'" *Chen*, 2021 WL 707273, at *9 (internal quotation marks and citation omitted). However, here, plaintiffs' process server fails to provide any information about Mrs. Russell's position within the company. In fact, he does not allege that he made any attempt to ascertain Mrs. Russell's title or position within Sole Strategies or to confirm that she was an employee of the company. Indeed, the Nevada Secretary of State's website does not list "Mrs. Russell" as someone authorized to accept service on behalf of Sole Strategies.[2] *See* Dkt. 6-1 at ECF pages 71-72; *see also Ascentium Capital LLC v. Full Speed Auto Group Inc.*, No. 22-CV-7559, 2023 WL 4166172, at *1 (E.D.N.Y. June 23, 2023) (noting that Secretary of State's website does not list recipient as someone authorized to accept service); *Feng Lin v. Quality Woods, Inc.*, No. 17-CV-3043, 2019 WL 1450746, at *5 (E.D.N.Y. Jan. 28,

---

[2] Plaintiffs erroneously claim that Sole Strategies "is no longer registered with the Secretary of State's Office in Nevada." Mot. to Remand at 3. On the contrary, defendants submitted a picture of the Nevada Secretary of State's website demonstrating that Sole Strategies has been an active corporation since January 4, 2022. *See* Dkt. 6-1 at ECF pages 71-72; *see also* https://esos.nv.gov/EntitySearch/BusinessInformation (last visited on August 28, 2023).

2019) (same).  Although a process server's affidavit "ordinarily creates a presumption of proper service," the affidavit of service submitted by plaintiffs "is simply too conclusory" to so qualify. *McHale v. Chase Home Fin. LLC*, No. 17-CV-06089, 2020 WL 7711826, at *4 (E.D.N.Y. Dec. 29, 2020); *see Lin*, 2019 WL 1450746, at *5 (process server's failure to state how he knew recipient was authorized to accept service was "facial infirmity").

Here, plaintiffs' process server's affidavit "contains insufficient facts upon which a presumption of correct service could be based." *Lin*, 2019 WL 1450746, at *5.  Absent some factual basis to find that "Mrs. Russell" was designated by the members of the limited liability company to accept service on its behalf, plaintiffs' service on Mrs. Russell does not satisfy section 311-a.  *See Valle v. GDT Enterprises, Inc.*, No. 19-CV-797, 2020 WL 435295, at *4 (E.D.N.Y. Jan. 28, 2020); *RK Soto Entrp.*, 2020 WL 7685894, at *7; *McHale*, 2020 WL 7711826, at *4; *Lin*, 2019 WL 1450746, at *5; *Shengjian Zhuang v. Hui's Garden Rest. Inc.*, No. 17-CV-7547, 2019 WL 1578193, at *2 (E.D.N.Y. Feb. 19, 2019) (collecting cases).

Since the 30-day period for removal under 28 U.S.C. § 1446 does not commence until proper service on the last-served defendant, the Court need not address whether plaintiffs properly served the individual defendants.  Nevertheless, this Court finds that plaintiffs failed to serve the individual defendants as well.

## IV.    Service on the Individual Defendants

Under section 308(2) of the C.P.L.R., an individual may be served:

> within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof . . . that the communication is from an attorney . . . such delivery and mailing to be effected within twenty days of each other . . . .

11

N.Y. C.P.L.R. § 308(2).

Here, plaintiffs' process server states that on August 9, 2022, he served defendants Gonzalez and Cohen-Sanchez at 42 Broadway by delivering process to "Mrs. Russell," a "Co-worker." *See* Dkt. 5-1 at ECF pages 2-3. The process server asked "Mrs. Russell" whether the premises was "the defendant's Business within the state and the reply was affirmative." *Id.* On August 10, 2022, the process server followed up the substituted service by mailing copies to defendants Gonzalez and Cohen-Sanchez at the 42 Broadway location. *Id.*

This Court finds that plaintiffs failed to serve defendants Gonzalez and Cohen-Sanchez properly pursuant to N.Y. C.P.L.R. § 308(2). First, plaintiffs have proffered no evidence that, at the time of service, the 42 Broadway location was "the actual place of business" for either of the individual defendants. *See Gunthorpes v. IM. Grp., LLC*, No. 21-CV-5140, 2023 WL 2607628, at *3 (E.D.N.Y. Mar. 23, 2023) ("[I]f the summons and complaint are served at the wrong address, or at an address that is not the defendant's actual place of business, then service is defective."). "New York courts have construed 'actual place of business' to include (1) a place where the defendant regularly transacts business, or (2) an establishment that the defendant owns and operates, where there is a 'clear identification of the work performed by her with that place of business." *Williams v. Miracle Mile Properties 2 LLC*, No. 20-CV-3127, 2022 WL 1003854, at *4 (E.D.N.Y. Feb. 1, 2022) (internal quotation marks and citation omitted); *see Velez v. Vassallo*, 203 F. Supp. 2d 312, 325 (S.D.N.Y. 2002). A "person's 'actual place of business' must be where the person is physically present with regularity, and that person must be shown to regularly transact business at that location." *Pate v. City of Rochester*, 579 F. Supp. 3d 417, 426 (W.D.N.Y. 2022) (quoting *Selmani v. City of New York*, 954 N.Y.S.2d 580, 581-82 (2d Dep't 2012)); *accord Ayyaz v. City of New York*, No. 19-CV-1412, 2021 WL 1225684, at *8 (S.D.N.Y.

Mar. 31, 2021).

Here, plaintiffs have not demonstrated that the individual defendants were regularly present at the 42 Broadway location at the time of service. *See Gunthorpes*, 2023 WL 2607628, at *3 (finding that plaintiff did not demonstrate that location was individual defendant's actual place of business despite plaintiff's declaration that he hired her to work at that location); *Espinoza v. La Oficina B. Corp.*, No. 20-CV-1237, 2022 WL 987429, at *7 (E.D.N.Y. Mar. 1, 2022) ("Plaintiffs have not demonstrated that either individual defendant was regularly present at [alleged actual place of business] at the time of service."), *report and recommendation adopted as modified*, 2022 WL 985836 (E.D.N.Y. Mar. 31, 2022); *Ting Qiu v. Shanghai Cuisine, Inc.*, No. 18-CV-5448, 2020 WL 2115409, at *3 (S.D.N.Y. May 4, 2020); *see also Fan v. Jenny & Richard's Inc.*, No. 17-CV-6963, 2019 WL 1549033, at *4 (E.D.N.Y. Feb. 22, 2019) (service at place of business was ineffective where individual defendant stopped working there), *report and recommendation adopted*, 2019 WL 1547256 (E.D.N.Y. Apr. 9, 2019); *Reyes Hernandez v. Delta Deli Mkt. Inc.*, No. 18-CV-375, 2019 WL 643735, at *5 (E.D.N.Y. Feb. 12, 2019) ("Beyond conclusory allegations, Plaintiffs do not indicate that any of the Individual Defendants worked at 1060 Flatbush Avenue, the location of service, or had any other affiliation with that location or the unnamed corporate entity on the date service was purportedly effected.").

Cohen-Sanchez avers that 42 Broadway "is not the address of any official office of Sole Strategies, but has been used by Sole Strategies on a per diem basis from time to time for meetings a few times a year." Cohen-Sanchez Cert. ¶ 5, Dkt. 6-1 at ECF page 87. Moreover, "no employees of Sole Strategies work at 42 Broadway . . . on a daily basis." *Id.* ¶ 6. Indeed, even if 42 Broadway qualifies as a business location of Sole Strategies, there must be some indication that Gonzalez and Cohen-Sanchez actually worked at that address in order for service

to be effective at that location. *See Williams*, 2022 WL 1003854, at *4 ("[I]t is not effective service to serve an individual at the place of business of an entity he owns unless there is an indication the individual actually works at that address."). The Nevada Secretary of State's website provides that the registered agent for service on Sole Strategies is Ms. Cohen-Sanchez at an address in Nevada – not at the 42 Broadway location.[3]  *See* Dkt. 6-1 at ECF page 72.

Plaintiffs primarily rely on an email sent by defendant Gonzalez to O'Hara, which refers to 42 Broadway as "our office address," and the fact that the parties executed the at-issue contract at that location. *See* Mot. to Remand at 2, ¶ 13, Dkt. 5.  However, these facts are insufficient to demonstrate that defendants Cohen-Sanchez and Gonzalez held out 42 Broadway, through regular solicitation or advertisement, as *their* actual place of business, nor have plaintiffs provided any other evidence corroborating the speculative allegations about the individual defendants' connection with that location. *See Gunthropes*, 2023 WL 2607628, at *3 (rejecting plaintiff's position that address was individual defendant's actual place of business because he hired plaintiff to work at that location); *Ayyaz*, 2021 WL 1225684, at *8 (finding service insufficient where plaintiff relied on social media postings and defendant's appearance on the business' website to demonstrate that location was defendant's actual place of business); *MA Accessories, Inc. v. Solnick*, No. 07-CV-3219, 2010 WL 3749213, at *4 (S.D.N.Y. Sept. 24, 2010) (service at "listed corporate headquarters and a retail store" was not necessarily individual defendant's actual place of business).

Moreover, there is no evidence that "Mrs. Russell" worked for Sole Strategies or

---

[3] The Court may properly take judicial notice of public records. *See Haru Holding Corp. v. Haru Hana Sushi, Inc.*, No. 13-CV-7705, 2016 WL 1070849, at *2 (S.D.N.Y. Mar. 15, 2016) (taking judicial notice of information provided by the New York State Department of State); *see also Lewis v. M&T Bank*, No. 21-CV-933, 2022 WL 775758, at *2 n.4 (2d Cir. Mar. 15, 2022) ("We regularly take judicial notice of agency documents on official websites.").

identified herself as a "co-worker" of Gonzalez or Cohen-Sanchez.  Accordingly, based on the process server's conclusory affidavits of service, the Court cannot find that "Mrs. Russell" is an appropriate person of suitable age and discretion at the actual place of business of either individual defendant.  *See Espinoza*, 2022 WL 987429, at *8 (finding service on individual defendants insufficient where "there is no evidence that the unnamed individual who accepted service confirmed that [defendants] worked there, nor that he identified himself as a co-worker"); *Hernandez*, 2019 WL 643735, at *5 (finding that plaintiffs failed to "link the person served, Ashraf Mohammed, with any of the Individual or Corporate Defendants as of the date of service"); *Cao Xue Fen v. Yu Choi Wan*, No. 09-CV-1336, 2009 WL 10712997, at *1 (E.D.N.Y. Dec. 23, 2009), *report and recommendation adopted*, 2010 WL 11651768 (E.D.N.Y. Feb. 1, 2010) (finding service ineffective under section 308(2) where process was left with "an unidentified, alleged co-worker of defendant, who refused to tell the process server her name"); *Lliviganay v. Cipriani 110 LLC*, No. 09-CV-737, 2009 WL 1044606, at *1 (S.D.N.Y. Apr. 14, 2009) (finding service ineffective under section 308(2), where service affidavits did "not identify the persons to whom copies of the summons and complaint were given, and state[d] only that those unidentified persons described themselves as co-workers of the individual defendants").

To the extent plaintiffs claim that their process server relied on Mrs. Russell's affirmative response to his question as to whether the premises was "the defendant's Business within the state," this vague assertion is also an insufficient basis upon which to conclude that the individual defendants were served at the correct location.  *See Espinoza*, 2022 WL 987429, at *8; *Tieman v. City of Newburgh*, No. 13-CV-4178, 2015 WL 1379652, at *7 (S.D.N.Y. Mar. 26, 2015) (finding service on police officers inadequate under section 308(2) even though process server "was told by a sergeant to go to the City Attorney at 83 Broadway, and was told by [a

paralegal at City Hall] that she could accept service on behalf of the officers"); *Moultry v. City of Poughkeepsie*, 154 F. Supp. 2d 809, 811-12 (S.D.N.Y. 2001) (holding that service on individual police officers was ineffective even though a clerk accepted service on officer's behalf and "told the process server that he had come to the right place, and that she was empowered to accept personal service for the individual police officers").

In any event, service on the individual defendants fails for an additional reason, irrespective of whether service was left at their actual place of business.  Under section 308's substituted service provision, New York law requires that proof of service of process "be filed with the clerk of the court . . . within twenty days of either such delivery or mailing, whichever is effected later; [and] such service shall be complete ten days after such filing."  N.Y. C.P.L.R. § 308(2).  The failure to file within the time prescribed renders service ineffective.  *See D'Arrigo Bros. Co. of New York v. Met Food Basics, Inc.*, No. 19-CV-5474, 2021 WL 781745, at *4 (E.D.N.Y. Mar. 1, 2021); *Lewis*, 2019 WL 4198943, at *2; *Stop & Shop Supermarket Co. LLC v. Goldsmith*, No. 10-CV-3052, 2011 WL 1236121, at *5 (S.D.N.Y. Mar. 31, 2011).

Here, on August 10, 2022, plaintiffs' process server mailed the Summons and Complaint to the individual defendants.  *See* Dkt. 5-1 at ECF pages 2-3.  However, plaintiffs failed to file proof of service with the state court within twenty days of the mailing of the Summons and Complaint.  A review of the state court docket confirms that plaintiffs did not file proof of service by August 30, 2022.[4]  *See O'Hara v. Cohen-Sanchez*, 0522052/2022 (Sup. Ct., Kings Cty.).  In fact, the process server's affidavits of service were not even notarized until September 23, 2022.  Accordingly, even if the individual defendants were served at the correct location, and

---

[4] The court may take judicial notice of state court filings.  *See Williams v. N.Y.C. Hous. Auth.*, 816 F. App'x 532, 534 (2d Cir. 2020).

process was left with a person of suitable age and discretion, plaintiffs' failure to file proof of service in state court within the time proscribed rendered service incomplete. For this additional reason, the 30-day period for removal was never triggered. *See Peterkin*, 2021 WL 5508093, at *6 (finding removal timely where plaintiff failed to file proof of service pursuant to analogous provision of New York's Vehicle & Traffic Law); *Lewis*, 2019 WL 4198943, at *2 (finding removal timely because defendant filed notice of removal within thirty days of when plaintiff filed proof of service); *Creative Kids Far E. Inc. v. Griffin*, No. 15-CV-06027, 2016 WL 8710479, at *3 (S.D.N.Y. Jan. 22, 2016) (same); *Stop & Shop Supermarket*, 2011 WL 1236121, at *5 (denying motion for remand where plaintiff did not file proof of service under section 308(2) prior to removal).

In sum, for purposes of determining timeliness under 28 U.S.C. § 1446, the Supreme Court "require[es] *complete service pursuant to strict compliance with state procedural rules*." *Murphy*, 526 U.S. at 350. Because defendants have not been properly served with process under New York law, the 30-day limitations period for removal has not yet begun to run. *See Samanich*, 2021 WL 2856634, at *5. This Court finds that defendants timely removed this action.

## Conclusion

For the reasons stated above, this Court respectfully recommends denying plaintiffs' motion for remand as defendants timely removed this action under 28 U.S.C. § 1446.[5] Any

---

[5] As set forth in 28 U.S.C. § 1448, "[i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process . . . or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448. In light of this Court's recommendation, plaintiffs may make an application for an extension of time to serve defendants, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *See Daniels v. Am. Airlines*, No. 19-CV-3110, 2020 WL 9816000, at

objections to the recommendations made in this Report must be filed with the Honorable Rachel P. Kovner within 14 days after the filing of this Report and Recommendation and, in any event, on or before **September 11, 2023**.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

The Clerk is requested to enter this Report and Recommendation into the ECF system.

**SO ORDERED**

Dated: Brooklyn, New York
       August 28, 2023

s/ James R. Cho
James R. Cho
United States Magistrate Judge

---

*13 (E.D.N.Y. Sept. 4, 2020).

18